**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**CARTER JONES, JR.**                                                                                           **PLAINTIFF**

**V.**                                                                                           **CASE NO. 1:08CV220**

**COOPER TIRE & RUBBER COMPANY**                                                           **DEFENDANT**

### ORDER

This cause comes before the court on the report and recommendation of Magistrate Judge Davis to grant the motion of defendant, Cooper Tire & Rubber Company ("Cooper Tire"), to dismiss.

Plaintiff, Carter Jones, Jr., alleges he was wrongfully terminated in violation of the Uniformed Services Employment and Reemployment Rights Act, codifed at 38 U.S.C. § 4301, *et. seq.*

Jones' counsel was allowed to withdraw from this matter in September 2009. At that time Jones was given sixty days to obtain new counsel or inform the court of his desire to proceed *pro se*. Jones failed to obtain counsel or inform the court he would be proceeding *pro se*. He also failed to respond to the summary judgment motion filed by Cooper Tire.

Relying on these failures Cooper Tire filed the instant motion to dismiss. *See* Fed. R. Civ. P. 41(b). Even though he was on notice of the pending motion to dismiss, Jones failed to attend the scheduled pre-trial conference.

Based on these circumstance Judge Davis recommended this suit be dismissed with prejudice. Less than a week before this matter is set for trial, Jones filed a one sentence objection to that recommendation asking the court for an additional ninety days in which to hire counsel.

This court has no confidence that Jones will find new counsel or timely comply with this court's orders. However, this court abhors the thought of blocking a potentially legitimate claim of one of this country's servicemen because of an inability to retain counsel. As such the court will grant Cooper Tire's motion to dismiss but without prejudice. This will give Jones the opportunity to seek new counsel and refile this suit. It will also, however, clear a case which has so clearly lacked proper prosecution. This lesser sanction serves the goals of the Federal Rules of Civil Procedure without having to resort to the extreme sanction of dismissal with prejudice. *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008).

The report and recommendation [38] of Judge Davis is adopted in part. The motion [37] of Cooper Tire to dismiss is GRANTED WITHOUT PREJUDICE.

This the 20th day of January, 2010.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**